```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**08 CIV 5334**

| | |
|---|---|
| JOHN CERASUOLO CO., INC. | : |
| Plaintiff | : Civil No. _____ |
| v. | : **ORDER TO SHOW CAUSE** |
| | : **WHY A PRELIMINARY** |
| PIO ENTERPRISES, INC. | : **INJUNCTION SHOULD NOT** |
| ANGELO INGRASSIA, JOE FARACI and | : **ISSUE AND TEMPORARY** |
| PHILIP L. PUCCIA | : **RESTRAINING ORDER** |
| Defendants | : |

Upon the affidavit of Kenneth J. Cavallaro, Sr., the treasurer of plaintiff, and the Attorney Certification Why Notice Should Not Be Required Pursuant To Rule 65(b), and upon the copy of the complaint hereto and pleadings in support, annexed, it is

**ORDERED**, that the above-named defendants show cause before a motion term of this Court, at Room 12A, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 12A, New York, New York 10007-1312, on June 17, 2008 at 9:00 o'clock a.m., as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, during the pendency of this action from alienating, dissipating, paying over or assigning any assets of Pio Enterprises, Inc. or its subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $50,094.00 by cashiers check or certified check, at which time this Order is dissolved; and it is further

- 1 -

**ORDERED**, that, sufficient reason having been shown therefore, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions are temporarily restrained and enjoined from alienating, dissipating, paying over or assigning any assets of Pio Enterprises, Inc., or its subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $50,094.00 by cashiers check or certified check, at which time this Order is dissolved; and it is further

**ORDERED** that bond shall be waived in view of the fact that defendants now hold $50,094.00 worth of plaintiff's assets; and is further

**ORDERED** that service of a copy of this order and supporting papers by Federal Express or other nationally recognized overnight mail service upon the defendants or their counsel on or before June 12, 2008, shall be deemed good and sufficient service thereof.

DATED: New York, New York
       June 11, 2008
ISSUED: 2:40 p.m.

_____
United States District Judge

It is further ordered that opposing papers shall be served so as to be received by plaintiff's counsel, and courtesy copies received by the Court, by noon on June 16.