UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CERASUOLO CO., INC. : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil No. 08cv5334 (LAP)(DCF) |
| : | |
| PIO ENTERPRISES, INC., : | **ATTORNEY CERTIFICATION** |
| ANGELO INGRASSIA, JOE FARACI and : | **WHY NOTICE SHOULD NOT** |
| PHILIP L. PUCCIA : | **BE REQUIRED PURSUANT** |
| : | **TO RULE 65(b)** |
| Defendants : | |

The undersigned represents plaintiff in this action to enforce the trust provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c).

Notice of this motion should not be required because notice will afford defendants an opportunity to dissipate trust assets that are required by statute to be held for the benefit of plaintiff, a PACA trust creditor of defendants.

Defendants are under a statutory duty to pay promptly for produce from the trust established by statute. Defendants have failed to pay, despite repeated demands and have ceased operations without making payment to plaintiff.

Advising defendants of the pendency of this motion will allow defendants to continue to pay non-trust debts with trust assets prior to the hearing in order to avoid serious personal liabilities, such as criminal liability for failure to pay withholding taxes. As noted in the House Report on the PACA trust amendment, once trust assets are dissipated, it is all but impossible to recover them. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. See also <u>Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.</u>, 222 F.3d 132 (3rd Cir. 2000); <u>J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.</u>, 98 B.R. 47 (Bkrtcy. N.D. Fla.

- 2 -

1989); <u>Cerasuolo Fruit v. Thomas J. Gatziolis & Co.</u>, 774 F.Supp. 449 (N.D. Ill. 1991); and <u>Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.</u>, 751 F.Supp. 64 (W.D. Pa. 1990).

Entry of a temporary restraining order without notice guarantees the performance of the statutory duty to preserve and pay trust assets, and prevents any further dissipation pending a further hearing, which can be set forthwith.

Dated this 11th day of June, 2008

                LAW OFFICES OF BRUCE LEVINSON

                By: /s/ Gregory Brown
                    Bruce Levinson (BL-0749)
                    Gregory Brown (GB-1977)
                    747 Third Avenue, 4th Floor
                    New York, New York 10017-2083
                    (212) 750-9898

                    Attorneys for Plaintiff