UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CERASUOLO., INC.<br>    Plaintiff,<br><br>vs.<br><br>PIO INTERPRISES, INC.; ANGELO<br>INGRASSIA; JOE FARCAI; and PHILIP<br>L. PUCCIA.<br>    Defendants. | : CASE NO. 08 CV 5334 (LAP)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/08

**STIPULATION AND AGREED ORDER
ESTABLISHING PACA TRUST CLAIMS PROCEDURE**

WHEREAS, Plaintiff, John Cerasuolo Co., ("Plaintiff") commenced the present action against Defendant Pio Interprises, Inc. ("Pio Interprises"), Angelo Ingrassia, Joe Faraci, and Philip L. Puccia (collectively the "Principals") (Pio Interprises and the Principals are hereinafter collectively referred to as "Defendants").

WHEREAS Plaintiff and Defendants have conferred in an attempt to conserve fees and costs, as well as the Court's time in connection with this action, and have reached an agreement regarding the terms of this Injunction.

WHEREAS, Defendants do not have any objection to the entry of a Stipulated Preliminary Injunction upon the terms reflected herein.

Accordingly, **IT IS STIPULATED AND AGREED**, by and between the Plaintiff, and Defendants:

    A)    Each of the foregoing recitals is incorporated by reference.

    B)    Plaintiff has asserted rights against Defendants under the statutory trust provisions of the PACA, and other claimants are expected to do so.

1

C) PACA impresses a statutory, non-segregated floating trust (the "PACA Trust") on all of Pio Enterprises' inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets") for the benefit of qualifying sellers to Pio Enterprises.

D) Pio Enterprises was a dealer and/or commission merchant under PACA.

E) The accounts receivable and business records, including a list of the potential PACA trust beneficiaries of Pio Enterprises are in the possession and control of Defendants and/or their counsel.

F) The Parties agree to commence, or otherwise complete, the process of liquidating the Assets subject to the terms of this Order. The Parties believe that an orderly liquidation of such Assets will produce the greatest value for purposes of satisfying PACA Trust and other claims.

G) Plaintiff reserves the right to assert that any and all Assets should be considered or deemed to be included within the definition of PACA Trust Assets.

H) All defendants reserve all of their rights and defenses with respect to the amount, validity and PACA Trust status of Plaintiff's claims and those of any other PACA Trust Creditor; all rights and defenses to the assertion that any particular Asset does, or does not constitute a PACA Trust Asset; and in the case of the Principals, all rights and defenses to any claims asserting personal liability.

I) Plaintiff reserves any claims it may have against the Principals and any transferee of PACA Trust Assets or any other person, entity or creditor of Pio Enterprises. Nothing herein

is to be construed as a waiver of plaintiff's right to pursue causes of action against defendant Puccia or any third party corporate entities in which he has an ownership interest, such rights being fully reserved.

J)   The parties agree that this Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of Pio Enterprises' Assets, and to review, qualify and satisfy any and all claims against the PACA Trust Assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust, and to ensure that the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple, separate actions against Pio Enterprises.

K)   The parties agree that Plaintiff's counsel shall oversee the liquidation of the PACA Trust Assets, and that the Defendants' counsel, Leonard Kreinces Esq. ("Mr. Kreinces"), shall distribute Pio Enterprises PACA Trust Assets to the holders of valid PACA trust claims pursuant to the procedures provided herein.

L)   This Order may be executed in any number of counterparts via facsimile or otherwise with the same effect as if all signatories had signed the same document. All counterparts must be construed together to constitute one instrument.

Based on the foregoing, **IT IS HEREBY ORDERED,** as follows:

## I.   PRELIMINARY INJUNCTION

1.   This Order will be binding upon the parties to this action, their officers, agents, employees, or banks, and/or all other persons or entities who receive actual notice of the entry of this Order. In this regard, Defendant Pio Enterprises is hereby directed to serve a copy of this Order on all financial institutions with which it does any business or who may be holding any assets for or on behalf of it. This Preliminary Injunction will not be served on banking

institutions to freeze defendant Puccia's personal bank accounts, or to freeze bank accounts of third party corporate entities in which Mr. Puccia has an ownership interest, until further Order of the Court.

2.  Pio Enterprises, its agents, employees, officers, directors, and representatives are restrained and enjoined from transferring or dissipating PACA Trust Assets including, but not limited to, inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets"), or withdrawing funds from the PACA Trust Account (described at ¶3), except as set forth in this Order. Pio Enterprises shall serve a copy of this Order on each of its financial institutions in which it has funds on deposit, and on any other entity that may be in possession of any of Pio Enterprises Assets. A Proof of Service shall be filed with the Court within three (3) days of service of this order on any entity.

3.  The assets subject to the Preliminary Injunction Order include all of the assets of the Defendant Pio Enterprises, unless it can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

4.  Defendants, to the extent they are in possession of or come into possession of checks made payable to Pio Enterprises, shall deliver those checks for deposit into Mr. Kreinces IOLA account.

5.  Upon request, during normal business hours, Pio Enterprises shall provide counsel for plaintiff and the counsel of any party hereto reasonable access to Pio Enterprises business premises (to the extent that it is able to do so), and make available all books and records, including without limitation, all invoices, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, vendor invoices, corporate organizational documents, minutes, PACA license records, records of stock ownership and transactions, bank records, capital account records, lending and borrowing transactions, and access to Pio Enterprises computers, computer software and related passwords.

6.  The PACA Trust Assets subject to Plaintiff's claims and in the possession of Pio Enterprises as described in ¶3, and 7 C.F.R. §46.46 as interpreted by applicable case law, shall serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

## II.  TURNOVER AND ADMINISTRATION OF TRUST ASSETS.

7.  Mr. Kreinces shall continue to identify and collect the accounts receivable and other assets subject to the PACA trust of Pio Enterprises, and preserve funds so collected for the benefit of all PACA trust creditors of Defendants, as their respective interests may appear, by continuing to deposit them in his IOLA account located at JP Morgan Case Bank, 410 Northern Boulevard, Great Neck, New York 11021.

8.  The funds deposited in the IOLA account shall only be disbursed pursuant to further Order of the Court or upon stipulation of the parties.

9.  Mr. Kreinces shall file a report of all account activity relating to Pio Enterprises with the Court, and serve the same upon all counsel identified in Paragraph 23 of this Order on a quarterly basis no later than the tenth (10th) business day following the end of each calendar

quarter. The Account Report shall include information regarding deposits and withdrawals into and from the PACA Trust Account by name of payor or payee, the amount of the transaction.

### III. LIQUIDATION OF THE ASSETS

10. Within two business days after the entry of this Order, Defendents Angelo Ingrassia, Joe Faraci, Philip L. Puccia and their agents shall deliver any and all funds realized from the sale of produce and accounts receivable of Pio Enterprises which came into their possession on or after June 11, 2008, the date of entry of the Temporary Restraining Order, to Mr. Kreinces for deposit in the PACA Trust Account. Nothing in this paragraph shall be deemed, interpreted or otherwise construed as limiting or expanding any causes of action the parties may have under PACA or otherwise.

11. Within two business days after entry of this Order, all funds belonging to Pio Enterprises on deposit with banking institutions shall be delivered to Mr. Kreinces for deposit into his IOLA Account.

12. Upon entry of this Order, counsel for Defendant Pio Enterprises shall serve upon Counsel for Cerasuolo an updated list of the accounts receivable and accounts payable of Pio Enterprises, as well as a detailed itemization of the assets and liabilities of Pio Enterprises.

### IV. CLAIMS PROCEDURE

13. All validly qualified PACA Trust Creditors of Pio Enterprises have the right to share pro-rata with Plaintiffs in any PACA Trust Assets distributed in these lawsuits.

14. The efficient administration of justice requires that all persons claiming to be PACA trust creditors of Defendants assert their rights in this action on or before September 30, 2008 in order to close the class of PACA creditors, to prove their claim, share in any distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if any, of

each Defendant. Further, to ensure finality of any ultimate distribution of PACA Trust Assets in this case, all persons or entities claiming to be PACA trust beneficiaries of Pio Enterprises must be required to intervene in this action to bring them within the jurisdiction of this Court. Accordingly, all persons or entities claiming an interest in the PACA Trust Assets are hereby required to intervene in this action on or before September 30, 2008 in order to (i) avoid duplicate actions, (ii) define the class of PACA trust beneficiaries, (iii) establish a method to determine the validity and amount of their claims, and (iv) share in any distribution of PACA Trust Assets recovered.

15. All persons or entities claiming to be a PACA trust beneficiary of Pio Enterprises are hereby granted leave to intervene under Federal Rule of Civil Procedure 24(a), without further notice or motion and, once having intervened and filed a Proof of Claim, each such entity shall be bound by all Orders entered in these cases. In lieu of filing a complaint in intervention, Plaintiff is granted leave under Federal Rule of Civil Procedure 15(a) to amend its complaint to add additional PACA trust beneficiaries.

16. On or before September 5, 2008, Mr. Kreinces shall issue a written notice (the "Notice") in the form attached hereto as Exhibit "A," to each of Pio Enterprises known creditors. If the entity is a party herein, or if a notice of appearance has been filed on its behalf in this action, the Notice shall be sent to the claimant's attorney of record. The Notice shall be accompanied by a copy of this Order and shall be sent via certified mail with return receipt requested, facsimile, or any equally verifiable means to prove delivery upon the recipient.

17. The Notice shall be structured on the following schedule:

**Counsel to Issue Notice of Deadlines**..................................................September 5, 2008
**Deadline to Intervene & File PACA Proof of Claim (Exhibit B)**.. September 30, 2008
**Deadline for Objection to Claims**......................................................October 31, 2008
**Deadline for Responses to Claims Objections**........................November 17, 2008

**Deadline to File PACA Trust Chart**............................................**December 5, 2008**
**Deadline to File Objections to PACA Trust Chart**....................**December 12, 2008**
**Deadline for Interim Distribution**............................................**December 19, 2008**

18.  Any creditor claiming PACA trust rights against Defendants and wishing to share in any distribution in this action must file a complaint in intervention and a PACA Proof of Claim (in a form substantial similar to the form attached hereto as Exhibit B together with all supporting documents) on or before the Deadline to Intervene and File PACA Proof of Claim with the Clerk of the Court, U.S. District Court, Southern District of North York, 500 Pearl Street, New York, NY 10007, and serve the Complaint in Intervention and PACA Proof of Claim, with all supporting documentation, on the following counsel of record in this case:

| **McCarron & Diess** | **Kreinces & Rosenberg, P.C.** |
|---|---|
| Louis W. Diess | Leonard Kreinces |
| 4900 Massachusetts Ave. NW | 900 Merchants Concourse |
| Suite 310 | Suite 305 |
| Washington, DC 20016 | Westbury, New York 11590 |
| Telephone: 202-364-0400 | Telephone:   516-227-6500 |
| Facsimile: 202-364-2731 | Facsimile:    516-227-6594 |
| ldiess@mccarronlaw.com | www.kresq.com |
| **Bruce Levinson, Esq** | **Gentile & Dickler, LLP** |
| 747 Third Avenue | Paul Gentile |
| New York, NY 10017-2803 | 261 Madison Ave., 25th Floor |
| Telephone: 212-750-9898 | New York, NY 10016 |
| Facsimile: 212-750-2536 | Telephone: 212-962-2000 |
| b.levinson@verizon.net | Facsimile: 212-619-3626 |
|  | pgentile@g-dlaw.com |

Service under this paragraph will be accomplished by personal service, courier, overnight delivery or United States first class, postage pre-paid. The parties hereto agree that service is permitted to be made pursuant to Fed.R.Civ.P. 5(b)(2)(D) via e-mail, provided that if service is effectuated via e-mail, a copy of the document shall also be served via U.S. Mail on the date of e-mail service, and service via e-mail shall be made to the e-mail address identified above.

Service in this manner upon Pio Enterprises Counsel will be deemed service upon Pio Enterprises. All filings must be accompanied by a certificate of service. Any documents not timely filed with the Proof of Claim in accordance with this Paragraph shall be inadmissible at any evidentiary proceeding or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

19. After having intervened and filed a Proof of Claim, each such entity shall be bound by all Orders entered in these cases.

20. **ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED** and any documents relied upon by the PACA claimant to support its claim which are not served in accordance with this paragraph, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

21. Any objection to the PACA trust claims, which may be made by any party in interest, shall be filed with the Court and served upon the PACA claimant and all counsel listed in Paragraph 18 on or before the Deadline for Objections to Claims set forth above. The objection must set forth in detail the legal and factual basis for the objection to each invoice or the payment thereof subject to the objection.

22. On or before the "Deadline for Responses to Claims Objections", the PACA claimant shall file with the Court and serve on all counsel listed in Paragraph 18 and the attorney for the objecting party, a response to the objection which shall include a request for a hearing to determine the validity of the PACA claim.

23. Any PACA Proof of Claim to which no objection has been filed by the objection date, shall be deemed a valid PACA trust claim for the amount stated in the Proof of Claim.

24. Claims for which an objection has been filed and no timely response was filed shall be disallowed to the extent of the objection. Any claimant subject to an objection which does timely file a response will be determined after a court hearing, or by stipulation between the objector and claimant and request for Court approval. The first hearing on objections to PACA claims and responses shall be a status/settlement conference, and the Court will make appropriate orders to resolve same. Counsel for the parties shall communicate prior to the hearing to discuss settlement.

25. On or before the Deadline to File PACA Trust Chart, Counsel for Plaintiff shall prepare a chart listing each party or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the Proof of Claim, the amount which is deemed valid due to no objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for an immediate distribution ("Available Funds"). The PACA Trust Chart shall be filed with the Court and served upon all PACA Trust Beneficiaries having properly and timely filed a PACA Proof of Claim.

26. Any and all objections to the proposed pro-rata distribution as listed on the PACA Trust Chart must be filed within five (5) days of its filing and service. The mere objection to the characterization of a claim as disputed or undisputed will not serve as valid objection to the PACA Trust Chart or prevent distribution according to its terms. Absent valid objections, Plaintiff's counsel shall, and is hereby authorized to, make an interim distribution of Available Funds on or before the "Interim Distribution Deadline" to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart. Defendant's counsel shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more

than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart. The pro-rata portion of any claim subject to an objection shall be held in the Trust until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the claimant prevails or is made available for distribution to other valid claims if the objection is sustained.

## V.   PROCEDURAL ISSUES

27.   This Court shall exercise exclusive in rem jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

28.   In light of the numerous Complaints and Complaints in Intervention anticipated to be filed in this case, Pio Enterprises and any other Defendants are granted an extension until October 31, 2008 to file an omnibus answer to any such Complaints and Complaints in Intervention.

29.   Pursuant to Federal Rule of Civil Procedure 5(2)(D), service is permitted to be made via courier, overnight delivery, facsimile or e-mail. If service is effectuated via facsimile or e-mail, a copy of the document shall also be served via U.S. Mail on the date of facsimile or e-mail service.

30.   Any party wishing to review or copy any document may make arrangements with the Clerk of the Court or Counsel listed in ¶22, to view the document or arrange for copying at the requesting party's expense.

31. Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the "Interim Distribution Deadline" set forth herein. At that time, the Court will set a scheduling conference.

32. Any and all pending actions by or on behalf of other persons or entities against Pio Enterprises, its officers, partners, or employees, which arise under or relate to the PACA or unpaid deliveries of produce, including, but not limited to, informal or formal complaints in reparation proceedings before the Department of Agriculture, are hereby stayed and all subsequent actions by any unpaid seller of Produce to Pio Enterprises are hereby barred.

Stipulated and agreed.

| MCCARRON & DIESS | KREINCES & ROSENBERG P.C. |
|---|---|
| /s/ Louis W. Diess | /s/ Leonard Kreinces |
| Louis W. Diess | Leonard Kreinces (LK-6524) |
| 4900 Massachusetts Ave. NW | 900 Merchants Concourse |
| Suite 310 | Suite 305 |
| Washington, DC 20016 | Westbury, New York 11590 |
| Telephone: 202-364-0400 | Telephone: 516-227-6500 |
| Facsimile: 202-364-2731 | Facsimile: 516-227-6594 |
| ldiess@mccarronlaw.com | leonard@kreincesrosenberg.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* *(Pio Enterprises, Inc., Angelo Ingrassia and Joe Faraci)* |

this Order, the parties to this action are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the "Interim Distribution Deadline" set forth herein. At that time, the Court will set a scheduling conference.

32. Any and all pending actions by or on behalf of other persons or entities against Pio Enterprises, its officers, partners, or employees, which arise under or relate to the PACA or unpaid deliveries of produce, including, but not limited to, informal or formal complaints in reparation proceedings before the Department of Agriculture, are hereby stayed and all subsequent actions by any unpaid seller of Produce to Pio Enterprises are hereby barred.

Stipulated and agreed.

| MCCARRON & DIESS | KREINCES & ROSENBERG P.C. |
|---|---|
| Louis W. Diess<br>4900 Massachusetts Ave. NW<br>Suite 310<br>Washington, DC 20016<br>Telephone: 202-364-0400<br>Facsimile: 202-364-2731<br>ldiess@mccarronlaw.com | Leonard Kreinces (LK-6524)<br>900 Merchants Concourse<br>Suite 305<br>Westbury, New York 11590<br>Telephone:   516-227-6500<br>Facsimile:    516-227-6594<br>leonard@kreincesrosenberg.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants*<br>*(Pio Enterprises, Inc., Angelo Ingrassia and Joe Faraci)* |
| BRUCE LEVINSON, ESQ | GENTILE & DICKLER, LLP |
| Bruce Levinson, Esq. (BL-0749)<br>747 Third Avenue<br>New York, NY 10017-2803<br>Telephone: 212-750-9898<br>Facsimile: 212-750-2536<br>b.levinson@verizon.net | Paul Gentile (PG-4037)   9-3-08<br>261 Madison Ave., 25th Floor<br>New York, NY 10016<br>Telephone: 212-962-2000<br>Facsimile: 212-619-3626<br>leonard@kreincesrosenberg.com |
| *Counsel for Plaintiffs* | *Counsel for Defendant*<br>*(Philip L. Puccia)* |

**THE FOREGOING IS ORDERED AND APPROVED BY THE COURT.**

BRUCE LEVINSON, ESQ                          GENTILE & DICKLER, LLP

_____                  _____
Bruce Levinson, Esq. (BL-0749)               Paul Gentile (PG-4037)
747 Third Avenue                             261 Madison Ave., 25th Floor
New York, NY 10017-2803                      New York, NY 10016
Telephone: 212-750-9898                      Telephone: 212-962-2000
Facsimile: 212-750-2536                      Facsimile: 212-619-3626
b.levinson@verizon.net                       leonard@kreincesrosenberg.com

*Counsel for Plaintiffs*                     *Counsel for Defendant*
                                             *(Philip L. Puccia)*

THE FOREGOING IS ORDERED AND APPROVED BY THE COURT.

DATED: September 4, 2008   _____
                           U.S. District Court Judge